P. B. PORTWOOD *v.* L. T. BASKETT, SHERIFF, ETC.

1. CHANCERY JURISDICTION. . *Injunction against collection of taxes. Section* 1831, *Code of* 1880.

   The chancery court by statute, § 1831, Code of 1880, has jurisdiction of suits to restrain the collection of taxes levied, or attempted to be collected, without authority of law.

2. CONSTITUTIONAL LAW. *Tax on license to retail liquor. Section* 6, *article* viii, *State constitution, applied. Act of March* 16, 1886, *construed.* ,

   The act of the legislature, Acts of 1886, p. 100, which levies a tax of one hundred dollars on the privilege of retailing liquors within the Yazoo-Mississippi Delta levee district, and devotes the proceeds of such tax to the payment of the obligations of the levee board, does not violate that provision of the constitution (§ 6, article viii), which declares that "all moneys received for licenses granted under the general laws of the State, for the sale of intoxicating liquors," shall be devoted to the support of free schools. The tax is levied on the licenses or privileges themselves, and is not " money received for licenses."

APPEAL from the Chancery Court of Le Flore County.

HON. R. W. WILLIAMSON, Chancellor.

P. B. Portwood filed the bill in this case against L. T. Baskett, sheriff and tax collector of Le Flore County, stating that the complainant had paid Baskett two hundred dollars for a license to retail vinous and spirituous liquors at Emmaville, in Le Flore County, in accordance with the general laws of the State; that Baskett still demands of complainant the further sum of one hundred dollars for a license to retail under an act of the legislature, approved March 16, 1886; that this act is unconstitutional, in that it violates § 6, article viii, of the constitution and the amendment thereto, adopted November, 1875. The bill further states that Baskett threatens to close up complainant's place of business and that irreparable injury will result to him unless Baskett is restrained. The petition prays for a perpetual injunction against the collection of this tax. The defendant demurred, the Chancellor sustained the demurrer, and the complainant appealed.

The act of March 16, 1886, entitled " An Act to amend an act entitled ' An Act to incorporate the board of levee commissioners for

the Yazoo-Mississippi delta, and for other purposes,' approved February 28, 1884," provides in § 3, as appears from the enrolled bill, "that for the purpose of paying off said last-named bonds and coupons, and then any other legal liability or indebtedness of said board, a tax on privileges within said levee district is hereby levied and assessed, as follows, to wit," etc., and then appears, among many other items, one hundred dollars for retailing vinous and spirituous liquors.

*S. R. Coleman* and *Hooker & Wilson*, for the appellant.

1. A demurrer is interposed to raise the question of the jurisdiction of the chancery court to grant relief in cases of this nature. The authorities are conflicting on the point, and well-reasoned cases will be found sustaining different views upon this point. *Williams* v. *County Court*, 26 W. Va. 488, and cases cited. All the cases are there cited and arranged. 1 Pomeroy Eq. Ju. 277, 278, and notes.

The allegations of the bill bring it within the exception to the general rule laid down in *Coulson* v. *Harris*, 43 Miss. 728, and *M. & O. R. R. Co.* v. *Moseby*, 52 Miss. 137.

2. The constitution fixes the place where the proceeds of all liquor licenses must be lodged, and the act of March 16, 1886 (Laws of 1886, 100), is an attempt to divert that fund to a different place and to apply it to a totally different purpose.

Our argument is:

(1.) Section 6, article viii, constitution and amendment, requires all money derived from licenses granted under the general or special laws of the State to sell intoxicating liquors or keeping dram-shops to be paid into the treasury and distributed *pro rata* amongst the educable children of the State.

(2.) That when a statute provides for licensing a person to sell liquors it virtually says spirituous liquors shall not be sold, as a general rule, but to this rule there shall be some exceptions, and those who are so licensed constitute the exceptions, and that this license is a mere permission which excepts the individual from the operation of laws that would otherwise prohibit him, as well as other citizens, from doing the specified act (Pomeroy, Cm. Law

358), and that as appellant could not do business without this license, and could not obtain the license or permission without pre-payment of one hundred dollars, that this money is clearly money arising from license granted, etc.

(3.) That it is not an ordinary tax, for that is to be levied on property of which the party is rightfully possessed ; but this privi-lege cannot legally exist or become property until both licenses are paid for and obtained, and hence the money paid is but a license fee appropriated by the constitution.

(4.) The statute speaks of it as a license, forces him to obtain it, makes his business unlawful without his obtaining it, visits him with punishment for attempting to do business without it—some-thing usually unheard of in mere tax collections.

(5.) That if a license to carry on business in that section is required, and a prepayment of a fee therefor demanded, it can make no difference whether it is required for the purpose of regu-lating the traffic or for revenue purposes or for both. The consti-tution makes no distinction, but devotes all money alike arising from this source to the common schools.

*Rush & Gardner,* for the appellee.

1. Courts of equity will not interfere to prevent the collection of taxes where the damage arising from the collection is not irre-parable, and the simple assertion in the bill that the damage would be irreparable amounts to nothing if the circumstances do not justify it, and the seizure of personal property for a liquidated amount would not be irreparable if the collector's bond is good, which is not denied ; nor will the court interfere where there is an adequate, plain, and complete remedy at law, nor where the law under which the tax is threatened to be collected is unconstitutional. *McCoy* v. *Chillicothe,* 3 Ohio Rep. 370. Nor will it interfere to prevent a multiplicity of suits at law where the parties complain-ant have no community of interest. *Youngblood* v. *Sexton,* 32 Mich. 406 ; *Kilbourn* v. *St. John,* 59 N. Y. 21 ; Cooley on Taxation (ed. 1876), 536, 538, and note 2 ; *Coulson* v. *Harris,* 43 Miss. 745 *et seq.; Drysdale* v. *Pradat,* 45 Miss. 445; *Richardson* v. *Scott,* 47 Miss. 236.

Appellants have a remedy at law. *Tuttle* v. *Everett,* 51 Miss. 27; *Vicksburg* v. *Butler,* 56 Miss. 72.

2. Appellant's hypothesis that the law is void under article viii, § 6, of the constitution, and amendment 2d thereto, is false, because the demand is not for a license or privilege to retail, but is a tax on said license or privilege. The legislature has declared in express terms that this is *" a tax on privileges."* See enrolled bill of the act of 1886, § 3; 54 Miss. 378.

This a local tax for a specific local purpose, and as such is constitutional. A local tax for local improvement is not objectionable. *Dailey* v. *Swope,* 47 Miss. 367; *Vasser* v. *George,* 47 Miss. 721; *Macon* v. *Patty,* 57 Miss. 385; Cooley Const. Lim. 633, note 1 (5th ed.); Cooley on Taxation 101, 102, 427, and note 2; *Youngblood* v. *Sexton,* 32 Mich. 406, 1st obj.

*A. F. Gardner,* of counsel for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

Section 1831 of the code settles the question of jurisdiction. However it may be on general principles, that section of the code declares that chancery courts shall have jurisdiction of suits to restrain the collection of taxes levied or attempted to be collected without authority of law.

It appears from the face of the act approved March 16, 1886, Acts of 1886, 100, and more fully from the enrolled bill on file in the office of the secretary of State, that it was intended by the act to impose a tax on the licenses or privileges granted under the laws of the State to persons engaged in retailing liquor or other occupations. The purpose manifested by the act was not to regulate the traffic in liquor, but to obtain revenue from the licenses or privileges of those who were thereby authorized to sell it. It was not a violation of article viii, § 6, of the constitution, or of the amendment thereto, for the legislature to do this. Such licenses are franchises of pecuniary value and subject to taxation. *Coulson* v. *Harris,* 43 Miss. 728; *Ould & Carrington* v. *The City of Richmond,* 23 Grat. 464. It is money received for licenses granted

under the laws of the State for the sale of liquors or keeping of dram-shops which the constitution devotes to the support of free schools, but money derived from a tax on such licenses or privileges is not money received for the licenses or privileges.

*Affirmed.*